18724—Maggie L. Gath v. Travelers Insurance Co. (On rehearing); error to Butler Appeals. Reversed. Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Marshall, CJ., dissents. Dock. 7-23-24; 2 Abs. 303.

19297—Cleveland, Elyria & Toledo Bus Co. v. Public Utilities Commission; error to the Public Com. Dismissed. Dock. 7-30-25; 3 Abs. 482.

# Abstracts of Last Week's SUPREME COURT OPINIONS

## SYLLABI

### No. 887

No. 18724—Maggie L. Gath v. The Travelers Insurance Company. Error to the Court of Appeals of Butler county. On rehearing.

647. INSURANCE—1. Where policy gives insurer right to perform autopsy and where death is known to agent of company, demand for autopsy must be made before burial.

2. Such requests should have been made of the widow beneficiary, and verbal demands of son before burial are not sufficient when he does not communicate such requests to widow.

JONES, J.

1. A clause in a policy of accident insurance gave the insurer the "right and opportunity to make an autopsy in case of death." When the death is known to an agent of the insurer a reasonable time before burial, who has justifiable grounds for entertaining the belief that such death was caused by other than accidental means, the demand for an autopsy to be seasonable must be made before burial. ·

2. Where a widow living at the home is named as the sole beneficiary of the insured, under the opportunity clause of the policy such demand should be made upon her. Verbal requests for opportunity to make an autopsy, made by an agent upon the son before burial, are not sufficient, where the son unequivocally notifies the agent that he will not, and in fact does not, communicate such requests to the widow beneficiary.

Judgment reversed.

Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Marshall, CJ., dissents.